UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| DAMIEN T. DOUGLAS, a/k/a DAMIEN DOUGLAS,[1] Petitioner, v. SANDRA BUTLER, *Warden*, Respondent. | Civil Action No. 14-CV-177-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

Damien T. Douglas is confined by the BOP in the Federal Correctional Institution-Manchester located in Manchester, Kentucky. Proceeding without counsel, Douglas has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging his federal convictions and the resulting 454-month sentence which he is currently serving. Douglas has paid the $5.00 filing fee. [*Id*.]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Douglas's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Douglas's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

---

[1] The Bureau of Prisons ("BOP") identifies this prisoner, BOP Register No. 18254-074, as "Damien Douglas." *See* http://www.bop.gov/inmateloc/ (last visited on November 18, 2014) The Clerk of the Court will be instructed to list "Damien Douglas" as an alias designation for the Petitioner.

**LITIGATION HISTORY**

On December 19, 2001, a seven-count superseding indictment was filed in a Tennessee federal court, naming Douglas in the first five counts. *United States v. Damien Douglas*, No. 1:01-CR-188 (E. D. Tenn., 2001) [R. 58, therein] Count One charged that in or about early March 2001 and continuing until about April 27, 2001, Douglas and Dameyon Stamper ("Stamper"), Lorenzo Suttles ("Suttles"), and coconspirators Timothy Douglas ("T. Douglass"), Bryce Gilbert ("Gilbert"), and Corey Young ("Young"), named in the Superseding Indictment as unindicted coconspirators, and others, conspired to rob the Memorial Hospital Employees Credit Union and the Allied Printers/IBEW 846 Papermill Employees Credit Union by using a dangerous weapon in violation of 18 U.S.C. § 2113(a) & (d), and conspired to rob a Taco Bell restaurant by means of actual and threatened force and violence in violation of 18 U.S.C. § 1915, all in violation of 18 U.S.C. § 371.

Count Two charged that Stamper and Douglas, aided and abetted by each other and coconspirators T. Douglas and Young, and others, robbed the Memorial Hospital Employees Credit Union in Chattanooga, Tennessee by using a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2(a) & (b).

Count Three of the superseding indictment charged that Stamper and Douglas, aided and abetted by each other and coconspirators Douglas and Young, and others, used, by brandishing, a firearm during and in relation to the crime of violence charged in Count Two of the Superseding Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2(a) & (b).

Count Four charged that on or about April 2, 2001, Suttles and Douglas, aided and abetted by each other and Gilbert, and others, affected interstate commerce by robbing a Taco Bell Restaurant in Chattanooga, Tennessee by the means of actual and threatened force and violence, in violation of 18 U.S.C. § 2(a) and (b) and 1951. Count Five charged that on or about April 2,

2001, Suttles and Douglas, aided and abetted by each other and Gilbert, and others, used, by brandishing, a semi-automatic pistol during and in relation to the crime of violence charged in Court Four of the Superseding Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2(a) & (b).

A jury convicted Douglas on all five counts. [*Id.*, Verdict Form, R. 133, therein] On November 18, 2002, the district court sentenced Douglas to prison term of 454 months. This sentence was comprised of: (1) a 60-month prison term on the conspiracy conviction, and 70-month prison terms on each of the robbery convictions, to served concurrently with each other; and (2) statutory mandatory minimum sentences of 84 and 300 months, respectively, on the two § 924(c) convictions, to run consecutively to each other and to any other sentences imposed, resulting in a total sentence of 454 months. [*Id.*, R. 150; R. 152, therein]

On June 7, 2004, the Sixth Circuit affirmed Douglas's convictions and sentence. [*Id.*, R. 166, therein; *see United States v. Douglas*, 100 F. App'x 449 (6th Cir. 2004)). On January 24, 2005, however, the United States Supreme Court vacated Douglas's sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). *Douglas v. United States*, 543 U.S. 1109, 125 S.Ct. 1016, 160 L.Ed.2d 1038 (2005). On June 23, 2005, the Sixth Circuit remanded the case for resentencing. *See* Douglas Criminal Action, R. 172, therein.

On March 27, 2006, the district court reconsidered Douglas's sentence under the no-advisory Guidelines and other relevant factors set forth in 18 U.S.C. § 3553(a), but selected the same sentence it had previously imposed. Douglas appealed, but the Sixth Circuit Court of Appeals affirmed the sentence. [*Id.*, R. 209, therein; *see United States v. Lorenzo Suttles; Damien Douglas*, Nos. 06-5461/5462 (6th Cir. Mar. 14, 2008)][2] According to the BOP's website, Douglas's

---

[2] On appeal, Douglas argued that the district court erroneously applied USSG § 2K2.4, and that instead of sentencing him to the minimum term of seven years on the second firearms conviction, the district court imposed a 25-year (300-month) sentence. The Sixth Circuit rejected that argument, explaining:

3

projected release date from federal custody is November 20, 2034. *See* http://www.bop.gov/inmateloc/ (last visited on November 18, 2014).

On November 26, 2008, Douglas filed a timely § 2255 motion, alleging that in numerous instances during his criminal proceeding, he had been denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. [*Id.*, R. 212, therein][3] On March 30, 2012, the district court denied Douglas's § 2255 motion, finding that he had "…failed to present any facts which establish his conviction or sentence is subject to collateral attack under 28 U.S.C. § 2255." *Douglas v. United States*, No. 1:08-CV-282, 2012 WL 1090598 (E.D. Tenn. Mar. 30, 2012)

## CLAIMS ASSERTED IN THE § 2241 PETITION

Douglas challenges his two consecutive § 924(c) firearm convictions on two grounds. First, he alleges that because the district court imposed those particular sentences based on facts that it, not the jury, had determined, those sentences violate his right to a jury trial in a criminal proceeding, guaranteed by the Sixth Amendment of the U.S. Constitution. In support of this argument, Douglas cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Douglas contends that because the facts which resulted in the imposition of his two § 924(c) sentences were judge-made and were not determined by the jury, these sentences violate the holding in *Alleyne*. He further claims that *Alleyne* applies retroactively and affords him relief from these two sentences under 28 U.S.C. § 2241.

---

The minimum term of imprisonment for violating § 924 (c)(1)(A)(ii) is seven years, 'except to the extent that a greater minimum sentence is otherwise provided by this subsection [§ 924(c)] or by any other provision of law.' 18 U. S. C. § 924(c)(1)(A). This introductory language of § 924(c)(1)(A) expressly incorporates the increased punishment of twenty-five years for a second conviction provided in § 924(c)(1)(C)(i). The defendants' argument is based on an incomplete reading of § 924(c) and is without merit.

*United States v. Suttle; Douglas, No.* 06-5461/5462, at P. 4 (6th Cir. Mar. 14, 2008)

[3] All pleadings in Douglas's § 2255 action were also simultaneously docketed in a separate civil proceeding. *See Douglas v. United States*, No. 1:08-CV-282 (E. D. Tenn. 2008).

Second, Douglas also seeks relief from both of his § 924(c) firearm convictions based on the case of *Rosemond v. United States*, ––U.S. ––, 134 S. Ct. 1240 (2014), which held that, in order to aid and abet a § 924(c) offense, a defendant must have advance knowledge that a firearm will be used or carried. In *Rosemond*, the Court explained that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun" and also held that the aiding-and-abetting conviction "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id*. at 1248–49. "[T]he intent must go to the specific and entire crime charged"; so, for example, in Rosemond, to the full scope of a § 924(c) violation—predicate drug crime plus gun use. *Id*. at 1248. The Court explained, "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id*. (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

Douglas argues that under *Rosemond*, the jury instructions were erroneous, because they did not instruct the jury to find that he knew in advance that his cohorts would use a gun while committing crimes of violence. He further claims that he did not actively participate in any crimes of violence (the robberies), and that his criminal conduct did not satisfy *Rosemond*'s requirements for an aiding and abetting conviction under § 924(c). Douglas therefore alleges that he was denied his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution. Douglas seeks an order setting aside all of his convictions and his resulting 454-month sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the

5

execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Douglas is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Douglas contends that based on the holding in *Alleyne* and *Rosemond*, his two consecutive § 924(c) firearm convictions, which comprise 384 months of his total 454-month sentence, violate his constitutional rights. Douglas is thus challenging the constitutionality of his sentences on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e), but § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can

implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758; *see also Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Douglas contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his § 2255 motion was denied, supports his argument that the district court improperly calculated and/or enhanced his sentence based on facts that were not determined by the jury. Douglas argues that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury, but that the district court determined facts which resulted in his two § 924(c) sentences, the second of which he alleges exceeds the mandatory minimum allowed by that statute. If Douglas were currently arguing this particular sentencing issue on direct appeal of his sentence, he would be in a better position to invoke *Alleyne* as support for his argument.

Douglas, however, asserts this particular sentencing claim in a § 2241 petition, which is merely a *collateral* challenge to his sentences. Unfortunately for Douglas, the Sixth Circuit Court

7

of Appeals earlier this year joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Douglas*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Therefore, *Alleyne* does not support Douglas's claims.

The same outcome applies to Douglas's argument based on *Rosemond*. Douglas also contends that his § 2255 motion was inadequate or ineffective because *Rosemond*, decided long after his § 2255 motion was denied, applies retroactively to him and supports his claim that he was improperly convicted under § 924(c). As the Sixth Circuit Court of Appeals has recently noted, "The Supreme Court did not state whether the principles explained in *Rosemond* apply retroactively to convictions that are final under state law." *Berry v. Capello*, 576 F. App'x 579, 592 (6th Cir. 2014) Douglas was, of course, convicted of federal offenses. In *Berry*, the Sixth Circuit assumed without deciding that *Rosemond* applies retroactively, but nevertheless determined "…that the trial evidence supported the jury's determination that Berry possessed a state of mind extending to the entire crime, including the necessary intent to aid and abet felony murder and to aid and abet assault with intent to rob while armed." *Id*.

However, several district courts, including this one, have directly addressed the issue of whether *Rosemond* applies retroactively, and have determined that because the holding was dictated by established precedent, *Rosemond* does not apply retroactively to cases on collateral review. *See Montana v. Cross*, No. 3:14-CV-01019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014)

8

(denying § 2241 petition, finding that the petitioner's reliance on *Rosemond* "…does not bring his claim within the savings clause….," and stating, "The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to a case on collateral review, such as the instant action."); *Taniguchi v. Butler*, No. 6:14-CV-120-KKC, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014) (denying § 2241 habeas petition based on *Rosemond* claim); *United States v. Foreman*, No. 02-CR-135-TCK, 2014 WL 4403445, at *1 (N.D. Okla. Sept. 5, 2014); *Rainwater v. Werlich*, No. 14-CV-994, 2014 WL 4273631, *2 (D. La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because *Rosemond* has not been declared retroactively applicable by Supreme Court); *Minaya v. United States*, --- F.Supp.2d ----, 2014 WL 4229993, at *2 (S.D. N.Y. Aug. 19, 2014), *Gentile v. Fox*, No. 2:14-CV-01726, 2014 WL 3896065, at *9 (C.D. Cal. July 11, 2014) ("The [*Rosemond*] case did not involve an actual innocence claim, but rather merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."); *Martinez v. United States*, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

This Court agrees with the analysis and conclusions announced in these cases, and concludes that *Rosemond* does not apply retroactively to cases on collateral review, such as the § 2241 petition which Douglas has filed in this proceeding.

Further, in his § 2241 petition, Douglas argues at length that his involvement in the various robberies was too limited to warrant convictions either for robbery or for aiding and abetting the brandishing of a firearm in connection with a crime of violence under § 924(c). Douglas raised the same claims in his first direct appeal of his convictions. The Sixth Circuit rejected that argument in June 2004, finding that sufficient evidence was presented at trial to

9

support Douglas's involvement in two robberies and his § 924 (c) firearm convictions. The Sixth Circuit explained:

> [Codefendant Corey]Young testified that he and Douglas entered the Hospital Credit Union and that he, Young, jumped the counter and demanded money from the teller while Douglas acted as a lookout at the door. **Young further stated that Douglas told him to shoot the teller and that as Young prepared to depart, Douglas told him to go back to the teller and get the rest of the money. After running out of the bank, they were picked up by [co-defendant Timothy] T. Douglas, who was waiting in a gold Cadillac Seville. Young stated that they drove up to a dead end, got out of the car, and ran into some woods. Young indicated that, at that point, he became separated from T. Douglas and Douglas, ran to the porch of an empty duplex, and hid the gun and the money in a paint can**. Officers took Young into custody, but released him after they took his fingerprints and shoes and questioned him.
>
> Young testified that he called Douglas after he got home and then went to Douglas's house. They decided to retrieve the money, and coconspirator Greg Scott took them to get it. Upon retrieving the money, they divided it between Defendant Douglas, Young, and T. Douglas, and gave Scott $100.
>
> T. Douglas also testified that he met with Young and Defendant Douglas on March 14, 2001, to plan the Hospital Credit Union robbery and that all agreed to participate. T. Douglas confirmed that Stamper made the fake phone call. **T. Douglas testified that he drove Young and Douglas to the credit union, gave Young a .380 semi-automatic pistol, and told them to hold the door open during the robbery to avoid being locked in the credit union**. T. Douglas also confirmed that he waited in the getaway car while Defendant Douglas and Young entered the credit union. T. Douglas also stated that, after they fled the car, Young became separated from them. T. Douglas further testified that they later retrieved the money from the paint can and divided it among themselves. In short, there is ample evidence to prove Defendant Douglas's involvement in the Hospital Credit Union robbery. Thus, the evidence supports the jury verdicts on Counts Two and Three.

*United States v. Douglas, Suttles*, 100 F. App'x at 454-455 (bold emphasis added).

The Sixth Circuit's analysis of Douglas's guilt under § 924(c) predated *Rosemond*, but the detailed facts set forth above, upon which the Sixth Circuit relied in affirming Douglas's robbery and § 924(c) firearm convictions, dictate the same result when analyzed under *Rosemond*. Douglas's conduct, as outlined above, satisfy *Rosemond*'s requirement that the government must

10

prove that the defendant actively participated in the underlying crime with "advance knowledge" that a confederate would use, carry, or brandish a gun during commission of the underlying crime. *Rosemond*, 134 S. Ct. at 1243; 1249-50. The Sixth Circuit's June 2004 ruling was vacated because of *Booker* sentencing issues, not because of that court's analysis of Douglas's criminal involvement in the underlying offenses, and a federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Based on *Rosemond*'s framework and the Sixth Circuit's summary of the trial evidence, Douglas's conduct satisfied an aiding and abetting conviction for brandishing a firearm under § 924(c).

Finally, to the extent that Douglas claims that the district court imposed an excessive mandatory minimum sentence in excess of what § 924(c) allowed, in violation of his due process and jury trial rights, his argument fails for another reason. On direct appeal of Douglas's sentence after remand, the Sixth Circuit explained in its order affirming that the district court fully complied with § 924(c)(1)(c)(i) and properly imposed a separate, consecutive 300-month sentence on Douglas's second § 924(c) conviction. But even if this Court assumed that the district court somehow improperly calculated the term of Douglas's sentence(s), the savings clause may *only* be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims").

Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their *sentences*. *Jones v. Castillo*, 489 F. App'x 864,

11

866 (6th Cir. 2012); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *see also De La Cruz v. Quintana*, No. 5:14-CV-28-KKC (E.D. Ky.) [R. 18], *aff'd*, *De La Cruz v. Quintana*, No. 14-5553, p. 3 (6th Cir. Oct. 27, 2014) ("… § 2255's savings clause does not apply when a challenge is made to a sentencing enhancement."); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Douglas has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a valid claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Douglas's habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall list "Damien Douglas" as an alias designation for Petitioner Damien T. Douglas.

2. Douglas's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 21, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY